IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLAY L. KIRBY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No. CIV-23-00487-JD |

## ORDER

Before the Court are Respondent's Motion to Dismiss ("Motion") [Doc. No. 22] and the Report and Recommendation ("R. & R.") of United States Magistrate Judge Amanda Maxfield Green. [Doc. No. 24].

As the Report and Recommendation notes, Petitioner Clay L. Kirby filed this 28 U.S.C. § 2241 habeas petition in the United States District Court for the Southern District of Illinois. R. & R. at 2; *see also* Petition [Doc. No. 1]. At that time, Petitioner was incarcerated at the United States Medical Center for Federal Prisoners in Springfield, Missouri. R. & R. at 2; Petition at 1. On May 22, 2023, Respondent moved to transfer the case to the Western District of Oklahoma because Petitioner had been transferred to the Federal Transfer Center in Oklahoma City, Oklahoma. [Doc. No. 12].

The case was thereafter transferred to this Court. [Doc. No. 15]. Petitioner was subsequently transferred to the United States Penitentiary in Yazoo City, Mississippi. Motion at 4; R. & R. at 3; Pet'r Notice of Change of Address [Doc. No. 23].

Respondent moved to dismiss the petition under Federal Rules of Civil Procedure

12(b)(1), 12(b)(2), and 12(b)(3). [Doc. No. 22]. Judge Green agreed with Respondent that the proper venue for this § 2241 petition is in the district of confinement at the time of the filing of the petition. R. & R. at 5; *see* Motion at 8. Judge Green determined, however, that transfer of the petition to the proper district—the Western District of Missouri—was not in the interest of justice because it would be subject to dismissal in that court for failure to state a cognizable claim. R. & R. at 6–10.

Judge Green recommended that the Court grant Respondent's motion to dismiss and dismiss the action without prejudice, rather than transfer. *Id.* at 10–11. Judge Green advised Petitioner that he could file an objection to the Report and Recommendation by October 2, 2023, and that failure to timely object to the Report and Recommendation waives the right to appellate review of both factual and legal issues contained in the Report and Recommendation. *Id.* at 11. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner did not object to the Report and Recommendation or request additional time in which to do so. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) (explaining that the Tenth Circuit's "firm waiver rule" "provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions"); *see also Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267–68 (10th Cir. 1999) (holding pro se litigant waived the right to appellate review under the circuit's "firm waiver rule"). Petitioner has made no further filings with

this Court since the Report and Recommendation was issued.[1]

With no objection being filed and upon its review of the record, the Court accepts the Report and Recommendation [Doc. No. 24] in its entirety, grants Respondent's Motion to Dismiss [Doc. No. 22] for the reasons stated in the Report and Recommendation, and dismisses this action without prejudice.[2] A judgment will follow.

IT IS SO ORDERED this 21st day of December 2023.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[1] The record reflects that the Court mailed the Report and Recommendation to Petitioner at his last provided address in Yazoo City, Mississippi, *see* Notice [Doc. No. 23], and that it was not returned to sender. *See* Fed. R. Civ. P. 5(b)(2)(C) (service is complete upon mailing to the person's last known address). Regardless, Petitioner is responsible for updating his address with the Court should it change. *See* LCvR5.4 (if any address information changes, the pro se litigant must notify the court and "[p]apers sent by the court will be deemed delivered if sent to the last known address given to the court"); *Theede*, 172 F.3d at 1267 (explaining that the parties "bear the burden of filing notice of a change of address" and "acting pro se does not eliminate this burden").

[2] The Tenth Circuit recognizes that a certificate of appealability is not required for a federal inmate appealing a final order in a § 2241 proceeding. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 810 n.1 (10th Cir. 1997).